## Mississippi Central R. R. Co. *v.* Graham.

[80 South. 66, Division A.]

CARRIERS. *Posting of tariffs.*

> The rule adopted on October 12th, A. D. 1915, by the Interstate Commerce Commission, amending Rule 52 as to posting of notice of change of tariffs by dispensing with the necessity of posting notice, applies to excursion fares for which only a three-days posting of notice was necessary under the amendment of Rule 52, adopted December 2, A. D. 1912, as well as to other rates and fares.

APPEAL from the circuit court of Lamar county.
HON. A. E. WEATHERSBY, Judge.

Suit by Graham against the Mississippi Central Railroad Company. From a judgment for plaintiff, defendant appeals.

The facts are fully stated in the opinion of the court.

*S. E. Travis,* for appellant.

*Salter & Hathorn* and *W. J. Hatten,* for appellee.

SYKES, J., delivered the opinion of the court.

The appellee, A. Graham, plaintiff in the circuit court, recovered judgment against the Mississippi Central Railroad Company for the sum of five hundred dollars, from which judgment this appeal is prosecuted. The facts giving rise to this litigation are as follows: The appellant railroad company ran a special excursion train from Natchez, Miss., to New Orleans, La., on June 20th, returning from New Orleans to Natchez on June 22d. This is what is commonly understood as a three-day excursion. In the printed notice of this excursion it was stated that "passengers from points

east of Wanilla, Mississippi, will be handled on regular trains." The plaintiff was a passenger on this excursion from Sumrall, Miss., a point east of Wanilla. It was therefore necessary for him to go on a regular train to Wanilla, Miss., where he took the excursion train to New Orleans, and on his return he was compelled to get off of the excursion train at Wanilla and wait for the regular passenger train from Wanilla to Sumrall. His ticket provided for continuous passage on this excursion train from Sumrall to New Orleans and return. On his return he arrived at Wanilla some time during the night and was compelled to stay there until the following morning. He was unable to find any suitable hotel accommodations in Wanilla and claims to have been made ill on account of the exposure to the night air and mosquitoes. He contends that appellant breached its contract in failing to transport him on this excursion train from New Orleans to Sumrall.

The appellant railroad company contends that it should have had a peremptory instruction in the lower court, because the excursion rates or tariff under which this excursion was run were duly filed with the Interstate Commerce Commission and copies filed in all of the offices of the stations affected by the rate in accordance with the Interstate Commerce Commission Laws and Rules thereunder, and were therefore legally effective and a part of the contract of carriage with appellee. This is the only point necessary to be noticed by us in deciding this case. The uncontradicted testimony in the case shows that this special excursion tariff was mailed to the Interstate Commerce Commission on June 2d and received by it the following day; that on June 2d it was also mailed to all of the station agents of the stations affected by it. The testimony of the agent at Sumrall at that time is to the effect that he duly received the tariff, and it was on file in his office subject to inspection as were all other tariffs;

that this tariff was on file in his office before, and, at the time, it was effective. The testimony shows that this excursion tariff was not posted in two public and conspicuous places in the waiting room of the station at Sumrall, and for this reason appellee contends that it was not effective so far as his rights are concerned. Section 6 of the Interstate Commerce Act Feb. 4, 1887, chapter 124, 24 Stat. 380, with the various amendments thereto (U. S. Comp. St. 1916 section 8569), requires common carriers to file with the Interstate Commerce Commission and print and keep open to public inspection schedules of all rates, fares, etc. It was provided further in this section before it was amended that: ''Such schedules shall be plainly printed in large type, and copies for the use of the public shall be kept posted in two public and conspicious places in every depot, station, or office of such carrier where passengers or freight, respectively, are received for transportation, in such form that they shall be accessible to the public and can be conveniently inspected.''

In a later part of this section it is provided:

''That the commission may, in its discretion and for good cause shown, allow changes upon less than the notice herein specified (thirty days), or modify the requirements of this section in respect to publishing, posting, and filing to tariffs, either in particular instances or by a general order applicable to special or peculiar circumstances or conditions.''

On December 2, 1912, the Interstate Commerce Commission, in amending Rule 52 adopted by it in 1906, adopted a rule doing away with the thirty-day notice of excursions extending over a period of not more than three days. That part of the rule here involved is as follows:

''To avoid the necessity for special application in cases of this kind the commission has made a general order fixing the following named time of notice of

round-trip excursion fares, and carriers may govern themselves accordingly.

"Fares for an excursion limited to a designated period of not more than three days may be established without further notice, upon posting a tariff one day in advance in two public and conspicuous places in the waiting room of each station where tickets for such excursion are sold and mailing a copy thereof to the commission. . . ."

It is the contention of the appellee that the above portion of Rule 52 as amended was in full force and effect at the time this excursion was run, and that before this rate became effective at Sumrall it was essential to post this tariff one day in advance in two public and conspicuous places; that the failure to post these two notices as required prevented the rate from becoming effective. The appellant contends that the posting of this rate was not one of the necessary things to be done before the rate became effective, but that the filing with the Interstate Commerce Commission and the filing with the station agents made the rate effective; that section 6 of the Interstate Commerce Act as construed by the supreme court of the United States in the case of *United States* v. *Miller,* 223 U. S. 599, 32 Sup. Ct. 323, 56 L. Ed. 568, decided that the posting in two conspicuous places is a duty arising out of the fact that the rates had been established; and that therefore posting is not a condition precedent to making a tariff legally operative. It is further contended by the appellant that the rule adopted on October 12, 1915, by the Interstate Commerce Commission, amended that part of Rule 52 above quoted with reference to the posting of notices. The caption of this rule or order reads as follows:

"In the matter of modification of the provisions of section six of the act with regard to posting freight or passenger tariffs at stations."

This rule then provides that common carriers shall keep on file in the custody of its agents all rates and fare schedules. That the agents shall be provided with facilities for keeping such file of schedules. The substance of this rule, in short, is to do away with the posting of these tariffs in two conspicuous places and to make the station agents keep them on file subject to public inspection. The appellee contends that this amendment does not apply to excursion rates treated of in Rule 52, but only to other rates and fares.

We are of the opinion that this general order was meant to and does away with the posting in two conspicuous places in the depot of all rates and fares, and makes it the duty of the common carriers to file these schedules of rates and fares with their agents, who are required to keep them in the manner expressly pointed out in the order above mentioned. Those parts of Rule 52 as amended above quoted by us, dealing with the posting of notices, are amended by the order of October 12, 1915, which does away with the posting of these notices. The testimony in the case shows that this special excursion schedule of rates was on file in the office at Sumrall and had also been properly filed with the Interstate Commerce Commission. This complied with the Interstate Commerce Law. It is unnecessary for us to decide in this case whether or not the posting required under Rule 52 as amended in December, 1912, and before the amendment thereto of October, 1915, was a necessary step in establishing a rate for an excursion of this kind.

It is very properly admitted by the appellee that, if this rate was legally put into effect, then he has no cause of action. The judgment of the lower court is reversed, and judgment will be entered here in favor of the appellant.

*Reversed, and judgment entered here.*